**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH L GENDREAU,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF MERCER ISLAND, a municipal corporation; ROBB KRAMP, in his capacity as a police officer for the City of Mercer Island and as an individual,<br><br>    Defendants - Appellees. | No. 13-35025<br><br>D.C. No. 2:11-cv-01385-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted May 13, 2014[**]
Seattle, Washington

Before: O'SCANNLAIN, BERZON, and TALLMAN, Circuit Judges.

Joseph Gendreau appeals summary judgment against his section 1983 and

state law claims naming the City of Mercer Island and Mercer Island Police Officer

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Robb Kramp.  Central to each claim is the allegation that Officer Kramp lacked probable cause to arrest Gendreau.  The district court found probable cause and, in the alternative, that Officer Kramp was entitled to qualified immunity.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We agree and affirm.

Gendreau got into an altercation with a realtor who had parked in his driveway while he was away.  Following the altercation, the realtor, Ms. Forschler, gave a sworn statement to Officer Kramp.  In it, she explained that she and her client had parked in Gendreau's driveway to view a nearby listed home.  When she returned to her car, she saw Gendreau exit his vehicle, which he had parked behind hers, blocking her exit.  Gendreau walked toward her briskly, shouting and cursing.[1]  She said that Gendreau threatened to get her fired.  He then confronted

---

[1]  Gendreau does not dispute that he shouted at Forschler like, as he describes it, "a coach shouting at one of the players on a field."

her and swiped papers from her hands. Forschler was in "utter shock" and feared for her safety, so much so that she lost control of her bladder.[2]

Officer Kramp also spoke to Gendreau before making the arrest. Officer Kramp asked Gendreau about documents that Forschler claimed Gendreau had taken from her car before the altercation. Gendreau admitted he had the documents but claimed he found them on his driveway. Yet he also admitted to entering Forschler's vehicle in her absence to honk her horn. Gendreau declined to prepare a sworn statement, claiming he was too tired.

We conclude that Forschler's sworn statement, corroborated in part by Gendreau's statement, provided "reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that" Gendreau had assaulted Forschler. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir.

---

[2] Gendreau argues that the district court drew inferences in favor of Officer Kramp. But the district court merely described what Officer Kramp had been told by Gendreau. The question is not, as Gendreau seems to think, whether a jury would believe that he did not assault Forschler. It is merely whether Officer Kramp, based on the information before him, had probable cause to make an arrest. *See Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) ("An officer has probable cause to make a warrantless arrest when the facts and circumstances *within his knowledge* are sufficient for a reasonably prudent person to believe that the suspect has committed a crime." (emphasis supplied)). That is, "[t]he facts are those that were known to the officer at the time of the arrest." *Id*. The district court properly described the information Officer Kramp had in front of him before arresting Gendreau and determined a reasonable officer could reach the conclusion that probable cause existed.

3

2013).[3] Mercer Island Municipal Code § 9.06.010(A)(1) defines assault as "intentionally plac[ing] or attempt[ing] to place another person in fear or apprehension of bodily harm by any act, word or threat." Officer Kramp had evidence that Gendreau trapped the victim in his driveway when he blocked Forschler's vehicle, walked toward her briskly—shouting and cursing—and swiped papers from her hands. These are actions reasonably indicative of Gendreau intending "to place [Forschler] in fear or apprehension of bodily harm." Mercer Is. Muni. Code § 9.06.010(A)(1). Indeed, it appears that Gendreau succeeded; Forschler swore to Officer Kramp that Gendreau's actions caused her to wet herself.

Gendreau says Officer Kramp should have investigated further before arresting him. He directs us to two cases—*United States v. Struckman*, 603 F.3d 731 (9th Cir. 2010) and *Hopkins v. Bonvicino*, 573 F.3d 752 (9th Cir. 2009)—for the proposition that officers may not, in establishing probable cause, rely solely on the claim of a citizen witness. Even accepting that these cases hold what Gendreau says, Officer Kramp did not rely solely on Forschler's sworn statement. In contrast

---

[3] If probable cause supported the arrest, Gendreau's remaining § 1983 claims fail, *see Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curium), as do his state law claims, *see Hanson v. City of Snohomish*, 852 P.2d 295, 301 (Wash. 1993).

4

to the cases Gendreau cites, here Officer Kramp discussed the altercation with Gendreau before making the arrest. Gendreau's admissions corroborated enough of Forschler's statement to establish probable cause to arrest him.[4]

Finally, we agree with the district court's alternative holding that Officer Kramp is entitled to qualified immunity. Gendreau makes only two arguments to the contrary. He says that Forschler's statements to Officer Kramp did not establish probable cause and that "[t]here was no corroboration from the other witnesses." We have already explained that the evidence known to the investigating officer established probable cause. And Officer Kramp did corroborate part of Forschler's statement through Gendreau himself. Even if Officer Kramp made a mistake in assessing the significance of the facts before him and did not have probable cause based on the information he had gathered, though we believe he was correct, "a reasonable officer in [his] position would not have

---

[4] Gendreau briefly argues that Officer Kramp lacked probable cause because Forschler told Officer Kramp that Gendreau never physically harmed her or threatened to harm her. Forschler also never told Officer Kramp that Gendreau might want to hurt her or that she feared for her life. But assault, as defined in Mercer Island's Municipal Code, does not require physical harm, any threats, or that the victim fear for her life. Mercer Is. Muni. Code § 9.06.020(A) (assault results from "intentionally plac[ing] or attempt[ing] to place another person in fear or apprehension of bodily harm by any act, word or threat"). The victim's statement to police and her involuntary physical reaction to Gendreau's provocation is sufficient to meet the elements of the crime.

5

clearly known that his conduct was unlawful under these circumstances." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1024 (9th Cir. 2009).

AFFIRMED.

*Gendreau v. City of Mercer Island*, No. 13-35025

BERZON, J., concurring:

I concur as to qualified immunity only. I would not reach the question whether there was in fact probable cause to believe an assault was committed. I tend to think there was not. But the question is close enough that I cannot say that a reasonable police officer could not have concluded otherwise. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001).